IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY L. YOUNG, as Personal
Representative of the Estate of
Maxine Young,

      Plaintiff,

v.                                                                                No. 2:17-cv-00692-GBW-KRS

GREATCALL, INC.,

      Defendant.

## ORDER VACATING ORDER TO SHOW CAUSE AND DIRECTING RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiff's response (Doc. 41) to the Court's order to show cause why Plaintiff's motion to compel discovery responses should not be dismissed for failing to comply with the meet-and-confer requirement. *See* Fed. R. Civ. P. 37(a). Plaintiff contends that the motion to compel, including attached email correspondence, adequately describes the necessary back-and-forth between the attorneys. Even if the motion is deficient, Plaintiff maintains, correspondence attached to his show-cause response should satisfy the Court's concern under Rule 37. The Court has reviewed Plaintiff's submission and agrees the motion to compel should be decided on its merits after briefing is complete.

Plaintiff challenges Defendant's answers to interrogatories 6, 11, 12, 13, and 14 in addition to Defendant's responses to requests for production 1, 3, 5, 6, 9, and 11. (Doc. 37, Pl.'s Mot. Compel, pp. 4-6). As for interrogatories, Plaintiff's primary concern is the legal sufficiency of the objections Defendant lodged as a basis for refusing to provide all or some of the information sought. (*Id.*). As to the requests for production, Plaintiff's chief complaint is that

Defendant has not produce documents it said it would, withheld records that it necessarily must have in its possession, or improperly objected to a document request. (*Id.*)

Plaintiff does not dispute that Rule 37 requires the parties to attempt to work out these specific issues before asking the Court to intervene. And of course, "there must be a conference where the parties come together to compare their views." *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 723-724 (D.N.M. 2017). Although the rules do not define "meet and confer" and give some discretion as how to accomplish this prerequisite, "a conference cannot lose all resemblance to a conference" and must retain "an element of concurrence, simultaneous occurrence, and contemporaneousness." *Id*. In the twenty-first century, "a simultaneous exchange of emails . . . will satisfy the form of conferring." *Id.*

The Court's concern—and why it issued the show-cause order—was the absence of a sufficient threshold showing under Rule 37(a), typically accomplished by a certification that the parties have met and conferred. To be fair, the motion to compel recites that Plaintiff "had repeatedly asked Defendant to provide responsive documents, and Defendant's counsel has, on multiple occasions, promised to provide discovery." (Doc. 37, p. 1). The motion even provides an email chain—separated by days—where Plaintiff becomes increasingly frustrated with the lack of documents promised, but not provided. Indulging Plaintiff, the Court accepted the emails as satisfying Rule 37 to extent the motion compel seeks records Defendant said it would tender, but had not.

The problem is, however, the motion to compel is largely silent about other issues—information and documents requested in both interrogatories and requests for production completely or partially withheld for legally insufficient objections. Nothing in Plaintiff's motion shows the Court any effort at conferring on these other issues. For that reason, the Court cannot

accept Plaintiff's explanation that the motion to compel itself shows compliance with Rule 37(a). Nonetheless, Plaintiff attaches email correspondence from Defendant's counsel in addressing the show-cause order. In the email, defense counsel explained to Plaintiff that earlier correspondence about "the 30(b)(6) deposition notice . . . outlined the areas to which we would object" and that "the objectionable areas are near identical to the discovery disputes" as set forth in the motion to compel. (Doc. 41-1). The actual email about the deposition notice is not included, which would be helpful to a full understanding. However, the Court is satisfied there was at least some exchange about the specific issues at play in Plaintiff's motion to compel and the Court will address the merits of Plaintiff's arguments once briefing is complete.

**IT IS, THEREFORE, ORDERED** that the Court's order to show cause (Doc. 38) is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant file its response to Plaintiff's motion to compel on or before **February 22, 2018**. Plaintiff's reply, if any, shall be filed on or before **March 9, 2018**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE