# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TERRY L. YOUNG, as Personal
Representative of the Estate of
Maxine Young,

      Plaintiff,

v.                                                  No. 2:17-cv-00692-GBW-KRS

GREATCALL, INC.,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**THIS MATTER** comes before the Court on Plaintiff's motion to compel discovery responses (Doc. 37) and Defendant's motion for protective order (Doc. 45). The Court has considered the parties' submissions, examined the applicable law, and heard oral argument on the motions on March 26, 2018. At the conclusion of the hearing, the Court announced its ruling from the bench and granted in part and denied in part the pending motions.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel and Defendant's motion for protective order are **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record.

**IT IS FURTHER ORDERED** that, for the reasons stated on the record, Defendant supplement its answer to Plaintiff's Interrogatories 6 and 12 **on or before April 6, 2018** to provide the sales figures requested but limited to the 2016 calendar year as discussed at the hearing.

**IT IS FURTHER ORDERED** that, for the reasons stated on the record and in light of Plaintiff's proposal to limit the relevant timeframe to the two and a half years preceding the accident and to the two GreatCall agents that were directly involved, the parties brief the issue of proportionality as it relates to Plaintiff's Interrogatory 11 and Request for Production 9. Defendant shall file its response to Plaintiff's proposal **on or before April 6, 2018**. Plaintiff shall file her reply **on or before April 16, 2018.**

**IT IS FURTHER ORDERED** that, for the reasons stated on the record, Defendant supplement its answer to Plaintiff's Interrogatory 14 and response to Request for Production 14 **on or before April 6, 2018** to set forth its full basis for asserting the attorney-client and/or work-product privilege as discussed at the hearing.

**IT IS FURTHER ORDERED** that, for the reasons stated on the record, Defendant supplement its response to Plaintiff's Request for Production 5 **on or before April 6, 2018** after researching whether the decedent provided any information to Defendant about her condition as discussed at the hearing. Plaintiff may raise the sufficiency of Defendant's supplemental response by separate motion if necessary.

**IT IS FURTHER ORDERED** that Plaintiff's challenges to Defendant's answers to Plaintiff's Interrogatory 13 and Defendant's responses to Plaintiff's Requests for Production 1, 3, and 6 are moot in light of representations Plaintiff made at the hearing and in her reply (Doc. 53).

_____
KEVIN SWEAZEA
UNITED STATES MAGISTRATE JUDGE