IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY L. YOUNG, as Personal
Representative of the Estate of
Maxine Young,

        Plaintiff,

v.                                                                                        No. 2:17-cv-00692-GBW-KRS

GREATCALL, INC.,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S SECOND MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiff's second motion to compel discovery responses (Doc. 78). Plaintiff contends that Defendant refused to produce TV and print ads targeting Walmart; identify purchasers of its "Splash" device in New Mexico; and turn over the personnel file of Renan Quiambao, Defendant's Rule 30(b)(6) designee. Defendant asserts these requests are not relevant to the case and/or improperly seek private information. The Court has considered the parties' submissions and the applicable law. Having done so, the Court **GRANTS** Plaintiff's motion in part.

## BACKGROUND

Maxine Young died on April 26, 2016 after she pressed the button on her "Splash" emergency-alert device sold by Defendant along with its "5star" urgent-response services for a monthly subscription fee. Ms. Young reported to Defendant that she was on fire and needed help. Defendant did not call 911, but ultimately did contact Ms. Young's daughter who discovered Ms. Young at home, unresponsive. Ms. Young's daughter summoned first responders, but Ms. Young had passed away by the time they arrived. Defendant maintains that

Ms. Young was smoking while on oxygen—the cause of the fire—and its agents understood Ms. Young to say she was fine, and otherwise followed protocol in responding to the distress signal. Following Ms. Young's death, a personal representative was appointed and sued in state court. (Doc. 1). Defendant removed the matter to this Court on June 30, 2017. (*Id.*). In her two-count complaint, Plaintiff alleges Defendant's negligence was the cause of Ms. Young's wrongful death (Count I); and Defendant violated New Mexico's Unfair Practices Act ["NMUPA"], N.M. Stat. Ann. § 57-12-2(A) (Count II). (*Id.*).

On March 5, 2018, Plaintiff propounded a second round of discovery. As is pertinent to this motion, Plaintiff asked Defendant in Request for Production No. 33 for "GreatCall's TV advertisements and print ads used in 2016, including tagging Walmart as a retail location, as discussed in the Deposition of Renan Quiambao[.]"[1] Defendant objected on relevance grounds, and did not provide the materials sought. In Request for Production No. 39, Plaintiff wanted that Defendant identify "all customers in New Mexico who purchased GreatCall's Splash device between January 1, 2016 though the date of [Defendant's Response to this Request]." As before, Defendant withheld production and objected on relevance and customer privacy grounds. Finally, in Request for Production No. 41, Plaintiff sought "the personnel file for Renan Quiambao, [Rule 30(b)(6) designee] in both hardcopy and electronic formats, including training logs and training spreadsheets[.]" Defendant declined to produce the file on relevance grounds. This motion to compel followed.

---

[1] The Court reminds the parties that when filing motions to compel, they must attach "a copy of: (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission, and (b) the response or objection thereto." D.N.M. LR-Civ. 37.1(a)-(b). Plaintiff has not done so here, but replicates the challenged requests for production and objections with sufficient specificity as to permit review. Defendant appears to agree with the Plaintiff's recitation of its responses.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any non-privileged matter, provided such discovery "is relevant to any party's claim or defense and proportional to the needs of the case." An aggrieved party may file a motion to compel, *inter alia*, where a party fails to produce documents in response to a properly propounded request. *See* Fed. R. Civ. P. 37(a)(3). A court may limit a request for production if it is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The movant bears the initial burden of showing that the information sought is relevant. *Metzger v. Am. Fid. Assurance Co.*, 245 F.R.D. 727 (W.D. Okla. 2007).

## DISCUSSION

### Request for Production No. 33

According to Plaintiff, TV and print advertisements are relevant to her claim under the NMUPA. The NMUPA makes unlawful any "[u]nfair or deceptive trade practices [or] unconscionable trade practices in the conduct of any trade or commerce." N.M. Stat. Ann. § 57-12-3. Four elements comprise the cause of action: (1) the plaintiff must show the defendant made an "oral or written statement, visual description or other representation" that was either false or misleading; (2) the false or misleading representation must have been "knowingly made in connection with the sale . . . of goods or services"; (3) the prohibited conduct must have occurred in the regular course of the defendant's commerce; and (4) the defendant's representation must have been of the type that "may, tends to or does, deceive or mislead any

person." *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991). "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Id.*

The Court agrees with Plaintiff that TV and print advertisements are representations that could prove a claim under the NMUPA. Thus, as a broad proposition, Plaintiff has established relevance.[2] At the same time, the Court is not able to discern how print or TV ads run *after* Maxine Young's device was purchased, no matter how misleading or false, could have any tendency to make a fact of consequence more or less likely. The Court will therefore limit the timeframe of Request for Production 33 to the year preceding the purchase of Maxine Young's device. *See* Fed. R. Civ. P. 26(b)(1) & (b)(2)(C)(iii). Additionally, to the extent there are different advertisements in markets other than New Mexico during the relevant period, the Court will not require to Defendant to produce them. Subject to these parameters, Defendant shall produce the TV and print advertisement material on or before July 2, 2018.

**Request for Production No. 39**

Plaintiff contends she is entitled to know who purchased Defendant's Splash device in New Mexico because the purchasers are potential witnesses to Defendant's negligent service and training. Defendant refuses to produce purchaser lists on privacy grounds and explains that

---

[2] Defendant argues that it is all but admitted Ms. Young did not see any ads or relied on any ads in purchasing its device; Plaintiff's expert admits that GreatCall has not made any express statements that he considers to be a misrepresentation; and Plaintiff only pleaded "on-line" ads as misleading . With respect to the first contention, Defendant acknowledges the NMUPA does not require actual reliance. As to the next assertion, even if Plaintiff's expert were the only source capable of proving a claim under the NMUPA, Defendant has not produced its ads for the expert to review and the expert's opinion is necessarily incomplete. Finally, the Court is not convinced that simply because Plaintiff identified online ads in connection with her NMUPA count, Plaintiff is precluded from discovering other representations Defendant may have made in other media. Defendant has not cited to any authority requiring the Court to deny the motion to compel on that basis. In any event, Plaintiff would not necessarily be precluded from amending her complaint if information were discovered that suggested other media were used to transmit misrepresentations.

purchasers may not actually be the end users. The Court agrees that purchasers may possess evidence germane to Plaintiff's claims of negligence and unfair practices. Even if the purchasers are not the actual end users, these individuals still may have firsthand knowledge about the device or be able to identify the actual end user. The Court, however, does not see how purchasers of Defendant's products and services *after* Maxine's Young's death would help establish Defendant's negligence in this suit. The Court will therefore adjust the timeframe to New Mexico purchasers for the year before April 26, 2016.

The Court is also mindful of privacy. Although Defendant has not offered any authority supporting an absolute privilege under the circumstances, the Court shall safeguard personal purchaser information as much as possible. To that end, the Court will enter a protective order preventing disclosure of purchaser information to anyone, person or entity, not involved in the litigation of this case. While Plaintiff would still be able to contact purchasers, this modest intrusion is not much beyond what typically might be expected from unsolicited calls or correspondence resulting from information published in public domain. Plaintiff's attorney and agents are bound by ethical rules that prohibit harassing conduct. Subject to the limitation on timeframe, Defendant must produce the customer list with ten days from the Court's entry of a protective order.

## Request for Production No. 41

The purpose of obtaining Renan Quiambao's personnel file, Plaintiff contends, is to ascertain whether he, as Defendant's corporate designee on the issue of training, was himself trained properly. The relevance of Mr. Quiambao's training is apparent to the Court. Plaintiff's negligence claims are premised, in part, on breach of a duty to "ensur[e] the emergency call personnel were properly trained to handle emergency situations." (Doc. 1, at 15, ¶3).

Conceptually, however, a "personnel file" could encompass information that has no bearing on this matter such as Mr. Quiambao's personal health and financial records. Neither party has delineated the exact contents of a personnel file, and the Court is unaware of a common definition of the terminology. Thus, The Court is unable to conduct the relevance or proportionality inquiry required by Rule 26 and declines to compel Defendant to produce the file, whatever its contents may be. Instead, Plaintiff should propound a new request for production that either seeks specific items that might be found in the file that would bear on a her claims or otherwise define precisely what she means by a personnel file.

## CONCLUSION

For the reasons state above, Defendant shall produce advertisements and the identity of purchasers of the Splash device as set forth below.

**IT IS, THEREFORE, ORDERED** that Plaintiff's second motion to compel is **GRANTED in part** and **DENIED in part**. The motion is granted in part as to Requests for Production Nos. 33 and 39 and as further limited by the Court, but **DENIED** as to Request for Production No. 41.

**IT IS FURTHER ORDERED** that on or before **July 2, 2018**, Defendant produce TV and print advertisements but only for the year preceding the purchase of Maxine Young's device and only for the New Mexico market.

**IT IS FURTHER ORDERED** that on or before **July 10, 2018**, Defendant produce a list of individuals that purchased its Splash device in New Mexico in the year preceding Maxine Young's death. Before producing the list and on or before **July 2, 2018**, Defendant shall draft and present to Plaintiff a form of protective order that will keep confidential as between the litigants in this case and their representatives the personally identifying information for

purchasers disclosed.  If Plaintiff agrees to the terms of the protective order, Defendant shall submit the order to the Court for entry on or before **July 10, 2018**.  If Plaintiff does not agree to the form of protective order, Defendant shall file an opposed motion for a protective order on or before **July 16, 2018**.  In the event Defendant files an opposed motion for a protective order, then Plaintiff shall file her proposed form of proposed protective order as an attachment to Plaintiff's response to the opposed motion for protective order.   In the event that Defendant files an opposed motion for a protective order, the Court will stay the production of the purchaser information until ruling on the opposed motion.

_____
KEVIN SWEAZEA
UNITED STATES MAGISTRATE JUDGE